UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

                                              **MEMORANDUM IN SUPPORT**
                                              **OF PRE-TRIAL RELEASE**

ANTHONY LEONARDI,

                                              Cr. No. 21-452 (JS)

            Defendant.
-------------------------------------------------------------X

## INTRODUCTION

    Defendant Anthony Leonardi submits this Memorandum in support of his application for pre-trial release. We respectfully request that the Court grant pre-trial release in this matter by setting a bond in the amount of $800,000.00 secured by the surety and property described here-in along with GPS monitoring and home confinement.

## INSTANT OFFENSE

    On June 27, 2020, Defendant was originally arrested by the Suffolk County Police Department and charged with one count of Conspiracy in the Second Degree in Suffolk County Court. At Defendant's arraignment, there was no bail imposed and he was released to Suffolk County Probation Department's supervised release. He was not charged with any offenses related to weapons possession at this time. Defendant was on probation in Suffolk County in June, 2020 when was charged with Conspiracy. A violation of probation was subsequently filed. Defendant voluntarily appeared for his arraignment on the violation of probation, knowing that he could have been remanded, and he was released on his own recognizance.

Defendant remained at liberty on the above matters until he was arrested for Conspiracy to Distribute Narcotics and Possession of a Firearm in connection with a Drug Trafficking crime on October 13, 2021. Defendant was remanded at his arraignment and has been in custody since that date. The state charges of Conspiracy in the second degree were subsequently dismissed along with the violation of probation.

Pre-Trial Services prepared a Report prior to Defendant's arraignment recommending remand. Defendant intends to provide the Court with material information that was not considered or known to Pre-Trial Services at the time the Report was created that would mitigate any risk of non-appearance or that Defendant is a danger to the community.

## LEGAL STANDARD

Release or detention of a defendant pending trial is controlled by 18 US Code §3142. 18 US Code §3142(b) states: "the judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 USC 14135a), unless the judicial officer determines that such release will not reasonably assure the appearance of the persons as required or will endanger the safety of any other person or the community."

The Court may also release a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the

appearance of the person as required and the safety of any other person and the community" 18 USC §3142(c). The Court can impose conditions on a defendant's release, including, but not limited to, residing with a designated person who agrees to assume supervision and report any violation of a release condition to the court, maintain employment, impose travel restrictions, require reporting to a designated law enforcement agency, require a defendant to engage in medical and psychological, drug, alcohol or psychiatric treatment.

18 USC §3142(g) describes the factors the Court should consider in making a determination as to whether conditions exist that will reasonably assure the appearance of the accused as required and the safety of any other person and the community. Generally, the Court must consider the nature of the offense and the personal characteristics of the accused. Relevant factors include the nature and circumstances of the offense charged, the weight of the evidence against the accused, the history of the accused, including his character, physical and mental condition, employment, family ties, length of time in the community, history related to drug use, criminal history and past record of appearing in court. The Court also must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" 18 USC §3142(g)(4).

As Defendant is currently remanded, it is the government's burden to prove by clear and convincing evidence that Defendant poses a danger to the community or a risk of flight that no condition or combination of conditions can alleviate. (18 USC §3142€ and (f)).

## NATURE OF THE CURRENT OFFENSE

Defendant is currently charged with Conspiracy to Distribute and Possess Controlled Substances in violation of Title 21 USC §841. This charge has a mandatory minimum sentence of ten years incarceration. Defendant is also charged with Use of Firearms in Connections with a Drug Trafficking Crime in violation of Title 18 USC §924. This charge carries a mandatory consecutive minimum sentence of five years incarceration.

## HISTORY AND CHARACTER OF DEFENDANT

Defendant is currently forty-seven years old and has resided in Suffolk County for his entire life. Prior to his incarceration he resided with his fiancé, Stacey Miccio and his daughter in Coram for approximately ten years. If granted release, Defendant will be residing with his sister, Christina Varon, and his brother-in-law, Ira Varon, at their home in Centereach. The Varons would offer to act as a designated person who agrees to assume supervision and report any violation of a release condition to the court. In addition, Defendant's mother resides at the home as well. Defendant has the full support of his family if he is released.

Defendant is self-employed as an app developer. Currently, Defendant has two US patents pending for these apps. The first, Share-It, is an app ready to be launched that allows users to share their personal stories on a message board allowing for "prizes" to be provided to "winning stories". The second app is for a device known as a "Bully Band". This invention, generally, is a bracelet worn by a child that can sense when a child is being bullied (based on certain chemical levels in their body) and send a notification to a parent or guardian. This app is

currently in development and is at a critical stage requiring Defendant to be out of custody in order to finalize the development of the app. Defendant has accomplished all he can while in custody and further development requires him to be released from custody. I am in possession of the patent paperwork for both apps and can provide this documentation if necessary. Based upon where both of these apps are in their development, it is critical that Defendant can finalize the release of these apps while out of custody. If he were not released, years of work could be destroyed, and the financial losses would be extensive.

Defendant has had a history of mental health issues including diagnosis for bi-polar disorder, anxiety and ADHD. The Court can mandate any mental health treatment that the Court deems appropriate to address these issues.

## PRE-TRIAL SERVICES REPORT

The Pre-Trial Services Report that recommended remand found that Defendant posed a risk of nonappearance based on the offense charged, mental health history, substance abuse history, criminal history including record of failure to appear, lack of verifiable employment, parole violations and pending state charges. The Pre-Trial Services Report also indicated that Defendant posed a risk of danger based on the nature of the instant offense, prior arrests and convictions, substance abuse history, mental health history, violent behavior history, history of weapons use and history of orders of protection.

Certainly, the nature of the offense Defendant is charged with is extremely serious. This alone though should not result in a denial of release. With respect to Defendant's mental health history, he continued to attend treatment at Well Life Network prior to his incarceration. Any

potential release by the Court can also require a condition that Defendant engage in and continue mental health treatment throughout his period of release. Pre-Trial Services also indicated Defendant's substance abuse history posed a risk of nonappearance and danger. Defendant's substance abuse history, similarly, can be addressed by this Court with a condition that he attend substance abuse treatment as a condition of release.

The Pre-Trial Services Report also indicated concerns about Defendant's prior criminal history, prior failures to appear in court, prior weapons use, parole violations, orders of protection and violent behavior history. Frankly, Defendant has an extensive criminal history. A review of his criminal history indicates that Defendant has not failed to appear in court since 1999. This includes most recently, in August 2020, his voluntary appearance in Suffolk County Court where he faced a possible remand into custody. Pre-Trial Services relied on warrants that were issued over twenty years ago to indicate to the Court that Defendant had a history of non-appearance in court. This is not accurate. Defendant's last warrant was issued in 1999. Similarly, the "history of violent behavior" and "weapons use" dates back to crimes that occurred in 1994 when Defendant was nineteen and twenty years old. The parole violations relied upon by Pre-Trial Services took place in 1996, over twenty-five years ago. Defendant is not alleged to have engaged in violent acts in the current charges should not continue to be penalized and held in custody based upon events that occurred more than twenty-five years ago.

The orders of protections referenced by the Pre-Trial Services Report deserve some clarification. Based upon my conversations with the complainant in that matter, Ms. Miccio, she made an application for an Order of Protection from Suffolk County Family Court on one occasion (to the best of her knowledge) and the order was vacated on the first court appearance.

All state charges that were pending at the time of the Pre-Trial Report have subsequently been dismissed.

## CO-DEFENDANT BOND STATUS

∫Two co-defendants, Brian Sullivan and Kavaughn Wiggins, remain in custody after they were also remanded at their arraignments. Co-defendant Willie Junior Maxwell II was released on a $500,000.00 bond. Co-defendant Robert Leonardi was released on a $500,000.00 bond with home detention. Co-defendant Anthony Syntje was released on a $275,000.00 with home detention.

## BOND REQUEST AND SURETORS

Defendant requests that the Court consider the following bail package. A bond in the amount of $800,000.00. This bond would be secured by Ira Varon, Defendant's brother-in-law, with property owned without encumbrances. The properties are two homes. The first is located at 31 Main Avenue, Mastic, New York with an approximate value of $360,000.00. The second home is located at 16 Dew Flag Road, Ridge, New York with an approximate value of $440,000.00. Defendant would be required to live with a designated person, his sister Christina Varon and brother-in-law Ira Varon, at their home in Centereach. The Varons would be responsible to notify the Court if Defendant violates any terms of his release. In addition, Defendant consents to mandated substance abuse and mental health treatment, GPS monitoring, home detention and regular reporting to Pre-Trial Services. Defendant would not risk the financial wellbeing of his siter and brother-in-law by failing to appear in court as directed.

Based upon the foregoing, it is respectfully submitted that there are reasonable conditions of release sufficient to ensure Defendant's return to court and release on bond. It is requested that the Court grant Defendant's release on bond or grant a hearing in this matter. After consultation with the US Attorney's Office, if it is deemed to be convenient to the Court, both parties are available on March 25, 2022.

Dated: March 17, 2022

Respectfully Submitted,

Jonathan Manley
Attorney for Anthony Leonardi
1200 Veterans Memorial Highway
Hauppauge, New York 11788
(631)317-0765

To:   Clerk of the Court
      US Attorney's Office